UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br>1669 Benedict Canyon Drive<br>Beverly Hills, CA 90210,<br><br>PLAINTIFF<br>vs.<br><br>DEPARTMENT OF TREASURY,<br>1500 Pennsylvania Ave., NW<br>Washington, DC 20220,<br><br>DEFENDANT | Judge _____<br>Civil Action No. _____ |

# COMPLAINT

## THE PARTIES

1. Plaintiff Jason Leopold is a citizen of the United States.

2. Plaintiff is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

3. Defendant Department of Treasury ("DOT") is an agency of the United States within the meaning of 5 USC 552 § (f). The Office of Foreign Assets Control (OFAC) is a component of DOT.

4. The OFAC has possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

5. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

6. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B). Jurisdiction also lies with this Court under 28 USC § 1331.

7. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

8. OFAC administers and enforces economic and trade sanctions based on U.S. foreign policy and national security goals against targeted foreign countries and regimes, terrorists, international narcotics traffickers, those engaged in activities related to the proliferation of weapons of mass destruction, and other threats to the national security, foreign policy or economy of the United States. OFAC acts under Presidential national emergency powers, as well as authority granted by specific legislation, to impose controls on transactions and freeze assets under U.S. jurisdiction. Many of the sanctions are based on United Nations and other international mandates, are multilateral in scope, and involve close cooperation with allied governments.

9. OFAC currently or previously has administered sanctions programs against a number of foreign countries, including Russia, Belarus, Burma, Central African Republic, Cote d'Ivoire / Ivory Coast, Cuba, Democratic Republic of the Congo, Iran, Iraq, Lebanon, North Korea, Somalia, Sudan, South Sudan, Syria, Yemen, and Zimbabwe.

10. An entity in the U.S. seeking to do business with a foreign country subject to sanctions must first obtain a license. A license is an authorization from OFAC to engage in a transaction that otherwise would be prohibited.

11.     There are two types of licenses: general licenses and specific licenses. A general license authorizes a particular type of transaction for a class of persons without the need to apply for a license. A specific license is a written document issued by OFAC to a particular person or entity, authorizing a particular transaction in response to a written license application.

## PLAINTIFF'S FOIA REQUESTS

12.     By email dated July 9, 2014, Plaintiff submitted a FOIA request to OFAC for the "first 25 pages of each license application submitted to the Office of Foreign Asset Control since January 1, 2013 to do business with Russia[,] Belarus[,] Burma[,] Central African Republic[,] Cote d'Ivoire / Ivory Coast[,] Cuba[,] Democratic Republic of the Congo[,] Iran[,] Iraq[,] Lebanon[,] North Korea[,] Somalia[,] Sudan[,] South Sudan[,] Syria[,] Yemen[, and] Zimbabwe[.]" Plaintiff's request sought a waiver of fees.

13.     After being contacted by Marshall Fields at OFAC, Plaintiff agreed to narrow his request. An email dated July 10, 2014 from Marshall Fields memorialized the agreement that Plaintiff's request would be narrowed as follows: "The first 25 pages of each license application submitted to the Office of Foreign Assets Control since January 1, 2013 to do business with North Korea, Iran, Yemen, Somalia and Syria. Please process these applications in the following order: North Korea, Iran, Yemen, Somalia and then Syria." The same day, Plaintiff replied by email confirming the narrowing of the request.

14.     By email dated July 25, 2014, Marshall Fields requested a further narrowing. He provided plaintiff with two options: (1) "Remove from consideration license applications associated with the Iranian program"; and (2) "Narrow the scope of the number of license applications received under the Iran program to a specific month or 30 day time period." The correspondence also indicated that Plaintiff's FOIA request had been assigned # 2014-07-042, OASIS #: 719156.

15. Plaintiff replied the same day to the request for further narrowing. Plaintiff stated that he would not be willing to further narrow the request.

16. Plaintiff has received no further correspondence from OFAC.

17. As of the filing of this Complaint, Plaintiff has not received a final determination on his request for a fee waiver.

18. As of the filing of this Complaint, Plaintiff has not received a final determination as to whether OFAC will comply with his request.

## COUNT I:
## VIOLATION OF FOIA

19. This Count realleges and incorporates by reference all of the preceding paragraphs.

20. Each of the documents referred to in this Complaint is incorporated herein by reference.

21. The DOT has violated FOIA by improperly withholding responsive records.

22. The DOT has also violated FOIA by failing to grant, or even rule on, Plaintiff's request for a fee waiver.

23. Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Enjoin Defendant from continuing to withhold the requested records;

(3) Order Defendant to release the requested records without further delay and without payment of search, review, or duplication fees;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

__/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*