**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| JASON LEOPOLD, ) | |
| 1669 Benedict Canyon Drive ) | |
| Beverly Hills, CA 90210, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:15-cv-00001 (TSC) |
| ) | |
| DEPARTMENT OF THE TREASURY, ) | |
| 1500 Pennsylvania Ave., NW ) | |
| Washington, DC 20220 ) | |
| ) | |
| Defendant. ) | |

_____)

## ANSWER

Defendant, the Department of Treasury ("Treasury Department"), through undersigned

counsel, hereby answers Plaintiff's Complaint in the following numbered paragraphs, which

correspond to the Complaint's numbered paragraphs:

### PARTIES

1.      Defendant is without knowledge or information sufficient to admit or deny the

allegation contained in paragraph 1 of the Complaint.

2.      This paragraph contains Plaintiff's characterizations of itself, its purpose, and its

activities, to which no response is required.  To the extent a response is required, Defendant

lacks knowledge or information sufficient to admit or deny the allegations contained in

paragraph 2.

3.      Defendant admits that it is an agency of the United States Government and that

the Office of Foreign Assets Control (OFAC) is a component of that agency.  The second part of

the first sentence of paragraph 3 is a legal conclusion for which no response is required.

1

4.      This paragraph contains a conclusion of law to which no response is required.

## JURISDICTION AND VENUE

5.      Defendant admits that this is an action arising under the Freedom of Information Act (FOIA), 5 USC § 552.

6.      This paragraph contains Plaintiff's allegation concerning jurisdiction, which is a conclusion of law to which no response is required.

7.      This paragraph contains Plaintiff's allegation concerning venue, which is a conclusion of law to which no response is required.

## BACKGROUND

8.      This paragraph contains a description of OFAC taken from the Treasury Department's website http://www.treasury.gov/about/organizational-structure/offices/Pages/Office-of-Foreign-Assets-Control.aspx., to which the Court is respectfully referred.

9.      Defendant admits that it currently or previously has administered sanctions programs against a number of foreign countries.

10.     This paragraph contains a conclusion of law to which no response is required.

11.     This paragraph contains a conclusion of law to which no response is required.

## PLAINTIFF'S FOIA REQUEST

12.     Defendant admits that it received Plaintiff's FOIA request emailed on July 9, 2014, to which the Court is respectfully referred (Exhibit 1) for the full contents of Plaintiff's FOIA request.

13.     Defendant admits that on July 10, 2014, Marshall Fields, Assistant Director, Information Disclosure and Records Management, Office of Resource Management, OFAC,

emailed plaintiff and asked him to modify the scope of his FOIA request.  The Defendant also admits that on July 10, 2014, the Plaintiff responded to Marshall Fields, by email, and agreed to modify his FOIA request.  Defendant respectfully refers the Court to Exhibit 1 for the contents of the email exchange.

14.     Defendant admits that on July 25, 2014, Marshall Fields emailed the Plaintiff, informed him of the volume of his request, that a FOIA reference number was assigned to his request, and suggested further modifications of his FOIA request.  Defendant respectfully refers the Court to Exhibit 1 for the contents of the email.

15.     Defendant admits that on July 25, 2014, through email correspondence with Marshall Fields, the Plaintiff declined to further modify his FOIA request.  Defendant respectfully refers the Court to Exhibit 1 for the contents of the email.

16.     Defendant denies this allegation and respectfully refers the Court to Exhibit 2, the OFAC notice to Plaintiff dated October 6, 2014.  Exhibit 2 informed the Plaintiff that OFAC is processing his FOIA request but there would be some delay due to the requirement of "31 C.F.R., Subtitle A, Part 1, Subpart A § 1.6" to provide "pre-disclosure notification to the submitter of business information in certain situations involving a request under the FOIA for apparently confidential commercial information."  Additionally, OFAC sent Plaintiff an interim response on February 18, 2015, stating that they had processed 156 pages pertaining to his request and that a portion of these pages were being released to him.  Defendant respectfully refers the Court to Exhibit 3 for the contents of the notice of interim response.

17.     Defendant denies this allegation and respectfully refers the Court to Exhibit 4, the OFAC notice to Plaintiff dated July 14, 2014.  Exhibit 4 informed Plaintiff that his request for a fee waiver was denied, that he was determined to be a media requestor, and that despite the

denial of his request for a fee waiver, the costs associated with his request were expected to be de minimis because he requested the documents in electronic format.

18.     Defendant denies this allegation and respectfully refers the Court to Exhibit 2, the OFAC notice to Plaintiff dated October 6, 2014.  This notice indicates that Plaintiff should expect a delay in receiving the information he has requested due to the requirements of "31 C.F.R., Subtitle A, Part 1, Subpart A § 1.6" but "this should not be construed as a denial of access."  Additionally, OFAC sent Plaintiff an interim response on February 18, 2015, stating that they were making an interim release, were "unable to locate or identify any responsive records for North Korea, Yemen, and Somalia" and that it would "continue processing the license applications for Iran and Syria that are responsive to your request in interim releases until we have processed all responsive records."  For the full text of this notice to Plaintiff the Defendant respectfully refers the Court to Exhibit 3.

## COUNT 1

19.     This paragraph realleges paragraphs 1 through 18 of the Complaint.  To the extent a response is required, Defendant refers the Court to its responses in those paragraphs.

20.     This paragraph incorporates the documents referenced in the Complaint.  To the extent a response is required, Defendant refers the Court to its responses in the preceding paragraphs.

21.     This paragraph contains a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.

22.     This paragraph contains a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.

23.     This paragraph contains a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies.

## PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

Defendant denies all allegations in Plaintiff's Complaint not expressly answered or qualified herein.

## DEFENSES

Plaintiff failed to exhaust administrative remedies.


Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

 */s/ Andrew E. Carmichael*
ANDREW E. CARMICHAEL
VA Bar No. 76578
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm. 6140
Washington, D.C. 20530
Tel: (202) 514-3346
Fax: (202) 305 2685
Email: andrew.e.carmichael@usdoj.gov
*Attorneys for Defendant*