# Fields, Marshall Jr

| | |
|---|---|
| **From:** | Jason Leopold <jasonleopold@gmail.com> |
| **Sent:** | Friday, July 25, 2014 4:17 PM |
| **To:** | Fields, Marshall Jr |
| **Subject:** | Re: FOIA Case 2014-07-042: Leopold: request for further narrowing |

Marshall,
Thank you very much for your kind email and the explanation of what's here. However, the Iran component is very important and I would not be able to put together a proper and complete news report without it. I understand this is a heavy lift for Treasury but I cannot further narrow the scope as I would have no way to inform my readers of activity with Iran.

Kind regards,
Jason


On Fri, Jul 25, 2014 at 12:43 PM, <Marshall.Fields@treasury.gov> wrote:

Dear Mr. Leopold:


RE:   FOIA #: 2014-07-042

   OASIS #: 719156


I need to advise you that we have started the initial search for records responsive to your modified FOIA request.  Unfortunately, my initial query of the database was accomplished improperly and resulted in a significantly reduced number of license applications.  A further refined search has resulted in the following results for the programs (North Korea, Iran, Yemen, Somalia and Syria) that you are interested in receiving documents.


| Program | License applications |
|---|---|
| North Korea | 19 |
| Iran | 3517 |
| Yemen | 1 |
| Somalia | 6 |
| Syria | 134 |

Totals          3677

Because of the sheer volume of applications associated with the Iran program, I would like to suggest a further narrowing of your modified request.

Option 1: Remove from consideration license applications associated with the Iranian program.  This will allow OFAC to concentrate on searching for and processing the 170 license applications under the remaining four (4) programs; North Korea, Yemen, Somalia and Syria.

Option 2: Narrow the scope of the number of license applications received under the Iran program to a specific month or 30 day time period.  As you can see from the numbers above, OFAC appears to receive roughly 185 license applications per month.  Please understand that if you choose this option along with license application under the other 4 programs, OFAC will have to process over 350 license applications.  This is still a large lift for us.

As I explained earlier, license applications contain confidential business information and must be processed through the submitter notice process, see 31 C.F.R §1.6.  This process adds at a minimum about 30 days to the review process.  Because of the number of license applications responsive to your request, this process will take even longer.

We, OFAC, will plan on processing the records to you on an interim and continuing basis.

By return email, please let me know how you would like to further narrow the scope of your request.  Or if you would like to speak to me about this narrowing please let me know your periods of availability next week, Monday, Wednesday and Thursday.  We will set up a time and a day to discuss.

If at all possible please send me a return email, by COB Tuesday, July 29, 2014, indicating how you would like to further narrow the scope of your request or times that you will be available to discuss.  Please reference FOIA #: 2014-07-042 in all future correspondence related to this request.

Sincerely,

Marshall Fields

Assistant Director

Information Disclosure & Records Management

Office of Resource Management

Office of Foreign Assets Control

Department of the Treasury


**Confidentiality Notice:**

   This email may contain privileged, confidential and or law enforcement sensitive information which is exempt from disclosure under applicable law.  If you have received this communication in error, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify the sender.




**From:** Jason Leopold [mailto:jasonleopold@gmail.com]
**Sent:** Thursday, July 10, 2014 1:50 PM
**To:** Fields, Marshall Jr
**Subject:** Re: Request confirmation of modification of the scope of your FOIA request.


Marshall,
Great speaking with you! I agree to these modifications of my FOIA request.

Thank you!

Best,
Jason


Jason Leopold
Investigative Reporter
jasonleopold@gmail.com
PGP: http://bit.ly/1hpZzsd
213 270 4334
@JasonLeopold
Article archive: jasonleopold.com
Latest investigation: The Abu Zubaydah Diaries
http://america.aljazeera.com/articles/abu-zubaydah-diaries.html
Subscribe to me on Beacon: http://www.beaconreader.com/jason-leopold

On Jul 10, 2014 10:48 AM, <Marshall.Fields@treasury.gov> wrote:

Exhibit 1

Dear Mr. Leopold:

Thank you for taking my telephone call regarding your Freedom of Information Act (FOIA) request that you emailed to me yesterday. This case has not as of yet been assigned a FOIA number by the Departmental Offices (DO).

As we discussed, an initial search of our database revealed a huge volume of records potentially responsive to your request for the first 25 pages of each license application submitted to the Office of Foreign Assets Control since January 1, 2013 to do business with the below enumerated 16 countries.

Please confirm that you have agreed to modify your initial request to the following:

"The first 25 pages of each license application submitted to the Office of Foreign Assets Control since January 1, 2013 to do business with North Korea, Iran, Yemen, Somalia and Syria. Please process these applications in the following order: North Korea, Iran, Yemen, Somalia and then Syria."

Please confirm by return email that the above correctly states your modified request, by COB Thursday, July 17, 2014.

If I have misstated the wording of your modified request, please provide the correct wording in a return email to me by COB Thursday, July 17, 2014.

Once DO has assigned a FOIA number to your request we will send you an acknowledgement letter indicating receipt of your request, where you are in the queue, answer your fee waiver request and indicate your requester category.

Sincerely,

Exhibit 1

*Marshall*

Marshall Fields

Assistant Director

Information Disclosure and Records Division

Office of Resource Management

Office of Foreign Assets Control

U.S. Department of the Treasury

**Confidentiality Notice:**
   **This email may contain privileged, confidential and or law enforcement sensitive information which is exempt from disclosure under applicable law.  If you have received this communication in error, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited.  If you have received this communication in error, please notify the sender.**

**From:** Jason Leopold [mailto:jasonleopold@gmail.com]
**Sent:** Wednesday, July 09, 2014 5:22 PM
**To:** Fields, Marshall Jr
**Subject:** Request for records under the Freedom of Information Act


Marshall H. Fields, Jr.

Assistant Director

Information Disclosure Division

Office of Resource Management

Office of Foreign Assets Control

Disclosure Services Department Offices

Room 6204 Annex

Department of the Treasury

Washington, DC 20220


Dear Mr. Fields:


This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records.


REQUESTER INFORMATION
Name: Jason Leopold
Address: 1669 Benedict Canyon Dr., Beverly Hills, CA 90210
Email: jasonleopold@gmail.com


I request a copy of the first 25 pages of each license application submitted to the Office of Foreign Asset Control since January 1, 2013 to do business with:


Russia

Belarus

Burma

Central African Republic

Cote d'Ivoire / Ivory Coast

Cuba

Democratic Republic of the Congo

Iran

Iraq

Lebanon

North Korea

Somalia

Sudan

South Sudan

Syria

Yemen

Zimbabwe

INSTRUCTIONS REGARDING SEARCH

1.   Instructions Regarding "Leads":
As required by the relevant case law, Treasury OFAC should follow any leads it discovers during the conduct of its searches and perform additional searches when said leads indicate that records may be located in another system.  Failure to follow clear leads is a violation of FOIA.

2.   Request for Public Records:
Please search for any records even if they are already publicly available.

3.   Request for Electronic and Paper/Manual Searches:
I request that searches of all electronic and paper/manual indices, filing systems, and locations for any and all records relating or referring to the subject of my request be conducted.

4.   Request for Search of Filing Systems, Indices, and Locations:
I request that Treasury OFAC search all of its offices and components which are likely to contain responsive records.
5.   Request regarding Photographs and other Visual Materials:
I request that any photographs or other visual materials responsive to my request be released to me in their original or comparable forms, quality, and resolution. For example, if a photograph was taken digitally, or if the Treasury OFAC maintains a photograph digitally, I request disclosure of the original digital image file, not a reduced resolution version of that image file nor a printout and scan of that image file. Likewise, if a photograph was originally taken as a color photograph, I request disclosure of that photograph as a color image, not a black and white image. Please contact me for any clarification on this point.

6.   Request for Duplicate Pages:
I request disclosure of any and all supposedly "duplicate" pages. Scholars analyze records not only for the information available on any given page, but also for the relationships between that information and information on pages surrounding it. As such, though certain pages may have been previously released to me, the existence of those pages within new context renders them functionally new pages. As such, the only way to properly analyze released information is to analyze that information within its proper context. Therefore, I request disclosure of all "duplicate" pages.
7.   Request to Search Emails:
Please search for emails relating to the subject matter of my request.

8.   Request for Search of Records Transferred to Other Agencies:
I request that in conducting its search, the Treasury OFAC disclose releasable records even if they are available publicly through other sources outside the Treasury OFAC, such as NARA.

9.   Regarding Destroyed Records
If any records responsive or potentially responsive to my request have been destroyed, my request includes, but is not limited to, any and all records relating or referring to the destruction of those records. This includes, but is not limited to, any and all records relating or referring to the events leading to the destruction of those records.

INSTRUCTIONS REGARDING SCOPE AND BREADTH OF REQUESTS

Exhibit 1

Please interpret the scope of this request broadly. The Treasury OFAC is instructed to interpret the scope of this request in the most liberal manner possible short of an interpretation that would lead to a conclusion that the request does not reasonably describe the records sought.

EXEMPTIONS AND SEGREGABILITY
I call your attention to President Obama's 21 January 2009 Memorandum concerning the Freedom of Information Act, in which he states:
All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA [....] The presumption of disclosure should be applied to all decisions involving FOIA.
In the same Memorandum, President Obama added that government information should not be kept confidential "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears."
Finally, President Obama ordered that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails."
Nonetheless, if any responsive record or portion thereof is claimed to be exempt from production, FOIA/PA statutes provide that even if some of the requested material is properly exempt from mandatory disclosure, all segregable portions must be released. If documents are denied in part or in whole, please specify which exemption(s) is (are) claimed for each passage or whole document denied.  Please provide a complete itemized inventory and a detailed factual justification of total or partial denial of documents.  Specify the number of pages in each document and the total number of pages pertaining to this request.  For "classified" material denied, please include the following information: the classification (confidential, secret or top secret); identity of the classifier; date or event for automatic declassification or classification review or downgrading; if applicable, identity of official authorizing extension of automatic declassification or review past six years; and, if applicable, the reason for extended classification beyond six years.
In excising material, please "black out" the material rather than "white out" or "cut out." I expect, as provided by FOIA, that the remaining non-exempt portions of documents will be released.
Please release all pages regardless of the extent of excising, even if all that remains are the stationery headings or administrative markings.
In addition, I ask that your agency exercise its discretion to release records which may be technically exempt, but where withholding serves no important public interest.

ADDITIONAL INSTRUCTIONS REGARDING REQUEST
Please produce all records with administrative markings and pagination included.
Please send a memo (copy to me) to the appropriate units in your office to assure that no records related to this request are destroyed. Please advise of any destruction of records and include the date of and authority for such destruction.

FORMAT
I request that any releases stemming from this request be provided to me in digital format (soft-copy) on a compact disk or other like media.

FEE CATEGORY AND REQUEST FOR A FEE WAIVER
I am an investigative reporter covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. My reporting has been published in the The Guardian, VICE News, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and numerous other domestic and international publications. Currently, I am a contributor to Al Jazeera America and the editor-at-large for The Public Record.

I am willing to pay any reasonable expenses associated with this request, however, as the purpose of the requested disclosure is in full conformity with the statutory requirements for a waiver of fees, I formally request such a waiver. I request a waiver of all costs pursuant to 5 U.S.C. §552(a)(4)(A)(iii) ("Documents shall be furnished without any charge ... if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."). Disclosure in this case meets the statutory criteria, and a fee waiver would fulfill Congress's legislative intent in amending FOIA. See Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'"). I incorporate by reference the explanation and attached materials in the above sections which demonstrates why the requested information is in the public interest.

DoD 5400.7-R C6.1.4.1 provides that "documents shall be furnished without charge, or at a charge reduced below fees assessed to the categories of requesters in subsection C6.1.5., below, when the Component determines that waiver or reduction of the fees is in the public interest because furnishing the information is likely to contribute significantly to public understanding of the operations or activities of the Department of Defense and is not primarily in the commercial interest of the requester." Should my request for a fee waiver be denied, I request that I be categorized as a member of the news media for fee purposes pursuant to DoD 5400.7-R C6.1.5.7.  According to 5 U.S.C. § 552(a)(4)(A)(ii), which codified the ruling of Nat'l Security Archive v. Dep't of Defense, 880 F.2d 1381 (D.C. Cir. 1989), the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a

Exhibit 1

distinct work, and distributes that work to an audience.  This is consistent with the definition provided in  DoD 5400.7-R C6.1.5.7.1.

As the legislative history of FOIA reveals, "It is critical that the phrase 'representative of the news media' be broadly interpreted if the act is to work as expected. . . . In fact, any person or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'" 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis in original quotation); and 2) "A request by a reporter or other person affiliated with a newspaper, magazine, television or radio station, or other entity that is in the business of publishing or otherwise disseminating information to the public qualifies under this provision." 132 Cong. Rec. H9463 (Oct. 8, 1986) (emphasis in original quotation)).  Therefore, in accordance with the Freedom of Information Act and relevant case law, I, Jason Leopold, should be considered a representative of the news media.

I have the intent and ability to disseminate this significant expansion of public understanding of government operations. The public interest in this significant expansion of public understanding of government operations far outweighs any commercial interest of my own in the requested release. Accordingly, my fee waiver request amply satisfies the rules of DoD 5400.7-R C6.1.4.1.  Legislative history and judicial authority emphatically support this determination. For these reasons, and based upon their extensive elaboration above, I request a full waiver of fees be granted. I will appeal any denial of my request for a waiver administratively and to the courts if necessary.

\*\*\*
Please do not hesitate to contact me if you have any questions concerning this request.
Thank you. I appreciate your time and attention to this matter.


--
Jason Leopold
[Investigative Reporter](#)
[jasonleopold@gmail.com](#)
PGP: [http://bit.ly/1hpZzsd](#)
213 270 4334
[@JasonLeopold](#)
[Muck Rack](#)
[Articles](#)
[Books](#)
[Archive](#)
Latest Investigation: [The Abu Zubaydah Diaries](#)
**[Subscribe to me on Beacon](#)**