

**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

February 18, 2015

FOIA No.: 2014-07-042
OASIS No.: GN-755214

Jason Leopold
1669 Benedict Canyon Drive
Beverly Hills, CA  90210

**Via electronic mail:  jasonleopold@gmail.com**

Dear Mr. Leopold:

This is the first interim response to your July 9, 2014 Freedom of Information Act (FOIA), 5 U.S.C. § 552, request to the Department of the Treasury. Your initial request sought copies of the first 25 pages of each license application submitted to the Office of Foreign Assets Control (OFAC) since January 1, 2013 to do business with 17 specified countries. In a telephone call on July 10, 2014, you modified your initial request to seek the first 25 pages of each license application submitted to OFAC that was granted since January 1, 2013 to do business with five countries: 1) North Korea; 2) Iran; 3)Yemen; 4) Somalia; and 5) Syria. Treasury referred your request to OFAC for processing on July 10, 2014.

In the July 10, 2014 email acknowledging the modification of your request, you asked that the license applications be processed in the following order: 1) North Korea; 2) Iran; 3) Yemen; 4) Somalia; and 5) Syria.

Please be aware that OFAC is experiencing a substantial backlog of FOIA requests that has adversely affected its response time.

OFAC has searched its records for documents responsive to your request. At this time, we have processed a total of 156 pages pertaining to licenses to do business with Iran. Of those pages, we are releasing 52 in full and an additional 69 with redactions made pursuant to exemptions (b)(4) and (b)(6) of the FOIA. The remaining pages 35 pages are being referred to the U.S. Department of Commerce, Bureau of Industry and Security (BIS) for review and a release determination to be made directly to you. To follow up on referred documents, please contact BIS at:

> Jennifer Kuo, FOIA Officer
> 1401 Constitution Avenue, NW - Room 6622
> Washington, DC 20230
> (202) 482-0953 (Telephone)
> (202) 482-0326 (Fax)
> efoiarequest@bis.doc.gov (Request via Email)

Exhibit 3

Mr. Leopold
Page 2

We also conducted a comprehensive search of OFAC records that would be responsive to your request for license applications to do business with North Korea, Yemen, and Somalia. Be advised that OFAC administers a number of U.S. economic sanctions and embargoes that target a variety of geographic regions and governments. Some programs are comprehensive in nature, block the government, and include broad-based trade restrictions. Others target specific individuals and entities. Due to these enforced restrictions, we are unable to locate or identify any responsive records for North Korea, Yemen, and Somalia; licenses to do business in these countries have not been issued.

OFAC will continue processing the license applications for Iran and Syria that are responsive to your request in interim releases until we have processed all responsive records.

You may appeal this determination in writing, within 35 days after the date of this letter to the Freedom of Information Act Appeal, Disclosure Services (DO), Department of the Treasury, Washington, DC 20220.  The deciding official for OFAC appeals is the Director, Office of Foreign Assets Control.  Please include with your letter of appeal a copy of this response letter.  Please reference FOIA case number **2014-07-042** in all future correspondence.  Copies of the FOIA and Treasury regulations are available at www.treasury.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.
Provisions of the FOIA allow us to recover part of the cost of complying with your request.  In this instance, no fees have been assessed.

Enclosed is an information sheet pertaining to exemptions from disclosure under the FOIA and your right to administrative appeal.

Exhibit 3

Mr. Leopold
Page 3

Your request has been assigned FOIA No. **2014-07-042**.  Please reference this number in any future correspondence.  You may email OFACFOIAOffice@treasury.gov or contact our FOIA Requester Service Center at (202) 622-2500, option 3.

        Sincerely,

        Marshall Fields

*Digitally signed by Marshall Fields
DN: c=US, o=U.S. Government, ou=Department of the Treasury, ou=Departmental Offices, ou=People, serialNumber=510986, cn=Marshall Fields
Date: 2015.02.18 12:59:34 -05'00'*

        Marshall H. Fields, Jr.
        Assistant Director
        Information Disclosure and Records Management
        Office of Resource Management
        Office of Foreign Assets Control

Enclosures:
FOIA exemptions
Administrative Appeal rights
Responsive material (121 pages)

Exhibit 3

Definitions of the Exemptions Under the Freedom of Information Act – 5 U.S.C. § 552

EXEMPTIONS

Pursuant to 5 U.S.C. § 552 (b), the Freedom of Information Act does not apply to matters that are –

- (1)(A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified under such Executive Order;

- (2) related solely to the internal personnel rules and practices of an agency;

- (3) specifically exempted from disclosure by statute, provided that such statute;

    (A) requires that the matters be withheld from the public so as to leave no discretion on the issue, or

    (B)  establishes particular criteria for withholding or refers to particular kinds of matters to be withheld;

- (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

- (5) inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency;

- (6) personnel and medical files and similar files the disclosure of which constitutes a clearly unwarranted invasion of personal privacy;

- (7) records or information compiled for law enforcement purpose, but only to the extent that the production of such records or information

    (A) could reasonably be expected to interfere with enforcement proceedings,

    (B) would deprive a person of a right to a fair trial or impartial adjudication,

    (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy,

    (D) could reasonably be expected to disclose the identity of a confidential source, including a state, local or foreign agency or authority, or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source,

    (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosures could reasonably be expected to risk circumvention of the law, or

    (F) could reasonably be expected to endanger the life or physical safety of any individual;

- (8) contained in or related to examination, operating or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(9) geological and geophysical information and data, including maps, concerning wells.

Exhibit 3

# ADMINISTRATIVE APPEAL

You may file an appeal with the Department of the Treasury when:

- Access to records has been denied in part or in whole;
- There has been an adverse determination of your requestor category;
- Your request for fee waiver or reduction has been denied;
- It has been determined that no responsive records exist; or
- Your request for expedited processing has been denied.

Your appeal, other than an appeal of a denial for expedited processing, must be submitted within 35 days after (1) the date of the initial determination, or (2) the date of the letter transmitting the last records released, whichever is later, except in the case of a denial of expedited processing. An appeal of a denial for expedited processing must be made within 10 days of the date of the initial determination to deny expedited processing. The appeal must be in writing, signed by you or your representative, and contain the following information:

- Your name and address;
- Date of your initial request;
- Date of the letter denying your request;
- Description of why you believe the initial determination was in error; and
- The FOIA/PA number assigned to your request.

Please mail your appeal to:   Freedom of Information Act Appeal
Disclosure Services, DO
Department of the Treasury
Washington, D.C. 20220

The deciding official for OFAC appeals is the Director, Office of Foreign Assets Control.

Exhibit 3